UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23315-CIV-MCALILEY

[CONSENT CASE]

IVAN SANTAMARIA RODRIGUEZ,
AVIMAEL FERRERA; TEOFILO
ALIPIO FERNANDEZ AGUILERA,
GERMAN R. SANCHEZ and all others
similarly situated under 29 U.S.C. 216(B),

    Plaintiffs,

vs.

RICKY AREPAS AND HOT DOGS, INC.
RICARDO DE LA HOZ,

    Defendants.

REGIONS BANK,

    Garnishee.

## ORDER DISCHARGING GARNISHEE AND REQUIRING PAYMENT OF STATUTORY ATTORNEY'S FEE

Plaintiffs are seeking to collect on a final judgment entered against Defendants. In connection with their collection efforts, Plaintiffs applied for and received a Writ of Garnishment on February 6, 2015 directed to Garnishee, Regions Bank. [DE 94]. Regions filed an Answer to the Writ of Garnishment on February 17, 2015 stating that it was not indebted to Defendants, did not know of any other person indebted to Defendants and did not have in its possession or

1

control any tangible personal property of Defendants. [DE 95]. Plaintiffs did not file a reply to Regions' Answer, and the deadline to do so has passed.

Section 77.061, Florida Statutes, states that "[o]n failure of plaintiff to file a reply [to the garnishee's answer], the answer shall be taken as true and on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ." Fla. Stat. § 77.061. The Court must therefore accept the statements in Regions' Answer as true. Regions states that it does not have any funds or personal property belonging to Defendants; as such, there are no assets for this Court to dispose of and Regions is entitled to an order discharging it from further liability under the Writ of Garnishment.

Section 77.28, Florida Statutes, states that "[u]pon issuance of any writ of garnishment, the party applying for it shall pay $100.00 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ." Fla. Stat. § 77.28. Regions has made the necessary demand, asking the Court to award payment of $100.00 to its counsel as partial payment of the costs and expenses it incurred in drafting and filing its Answer. [DE 95].

Accordingly, it is hereby **ORDERED** that Regions Bank is discharged from further liability under the Writ of Garnishment issued in this action on February 6, 2015. It is **FURTHER ORDERED** that Plaintiffs deliver a check to

Garrido & Rundquist, P.A., counsel for Regions Bank, **no later than April 16, 2015** in the amount of $100.00 made payable to Regions Bank as partial payment of the attorney's fees that Regions incurred in drafting and filing its Answer to Writ of Garnishment.

DONE and ORDERED in chambers in Miami, Florida this 2nd day of April, 2015.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:

Counsel of record

Ricky Arepas and Hot Dogs, Inc.
414 SW 22nd Avenue
Miami, FL 33135

Ricardo De La Hoz
414 SW 22 Ave.
Miami, FL 33135

Cristobal De La Hoz
10811 NW 29th Street
Miami, FL 33172